Nunez v. Lima

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand nineteen.

PRESENT:
> JON O. NEWMAN,
> SUSAN L. CARNEY,
> > *Circuit Judges*,
> RICHARD J. SULLIVAN, *
> > *District Judge.*

_____

Rosa A. Nunez,

> *Plaintiff-Appellant*,

> v.                                                                      17-2852

Bureau Chief Joseph A. Lima, and individually,
New York State Department of Corrections and
Community Supervision,

> *Defendants-Appellees*,

Department of Corrections and Community
Supervision,

> *Defendant*.

_____

* Judge Richard J. Sullivan, of the United States District Court for the Southern District of New York, sitting by designation at the time this case was heard.

**FOR PLAINTIFF-APPELLANT:**                    Rosa A. Nunez, pro se, Bronx, NY.

**FOR DEFENDANTS-APPELLEES:**              Steven C. Wu, Deputy Solicitor General, (David Lawrence III, Assistant Solicitor General, *on the brief*), *for* Barbara D. Underwood, Acting Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court dated September 5, 2017, is **AFFIRMED**.

Appellant Rosa Nunez, proceeding pro se, sued her employer, the New York State Department of Corrections and Community Supervision ("DOCCS"), and her former bureau chief, Joseph Lima, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"); the New York State Human Rights Law, N.Y. Exec. Law §§ 290, *et seq.* ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101, *et seq.* ("NYCHRL"). As relevant here, Nunez alleged that Lima and her coworkers created a hostile work environment and that Lima retaliated against her after she made a formal complaint of sex harassment, all in violation of Title VII, the NYSHRL, and the NYCHRL. The District Court dismissed the Title VII and the NYSHRL hostile work environment claims under Federal Rule of Civil Procedure 12(b)(6), granted summary judgment to defendants on the retaliation claims, and declined to exercise supplemental jurisdiction over the NYCHRL claims. Nunez appeals and also moves to supplement the record on appeal. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

2

As an initial matter, we deny Nunez's motion to supplement the record on appeal with interrogatory responses, errata sheets and alterations to her deposition transcript, her letter to the District Court, and two letters from her therapist. The motion is moot in part because the interrogatory responses, the letter, and alterations to her deposition transcript are already part of the record. We deny her motion to add to the record two letters written by her therapist because they were not before the District Court and Nunez does not present any "extraordinary circumstances" warranting their consideration for the first time on appeal. *See Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975) (per curiam). Even were we to consider them, however, our analysis would not be affected because, although they tend to confirm that Nunez has been in distress, they do not tend to establish the substance of Nunez's claims or to make her allegations actionable.

## I.     NYSHRL Hostile Work Environment Claim

On review of a motion to dismiss, we "accept[] as true all factual claims in the complaint and draw[] all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013) (per curiam). Our review is conducted de novo. *Id.*

According to the amended complaint, Lima, one of Nunez's supervisors, started asking Nunez to go with him to the movies beginning in September 2010. Although Nunez at first declined, Lima and Nunez ultimately went out together several times between December 2010 and May 2011. Then, at a lunch in May 2011, Lima declared to Nunez that "he was 'infatuated' with her." App'x 23, Am. Compl. ¶ 26. Nunez did not reciprocate and responded that she no longer felt comfortable socializing with Lima alone outside of work. Nevertheless, Lima persisted and invited Nunez "to see plays with him" later in 2011 and 2012. App'x 24, Am. Compl. ¶ 30. In

3

June 2012, Lima twice invited Nunez to go out with him, and told her that if she declined, "he would require her to . . . transfer all her contacts into [her] newly issued Blackberry." App'x 24, Am. Compl. ¶ 31.

Nunez next alleges a number of grievances regarding Lima's workplace conduct. In September 2012, three months after Lima's last invitation, Lima placed Nunez in a new work partnership, but, after Nunez complained, he reversed course and placed Nunez back into her previous partnership. From November 2012 to April 2013, Lima "did not split the caseload for coverage," forcing Nunez to "work much harder by having to take on additional reports." App'x 25, Am. Compl. ¶ 35. Nunez alleges that, beginning in or about June 2013, over one year after Lima last asked her to go out with him, Lima assigned her undesirable cases; delayed transferring to her a specialized caseload that she wanted; asked her to attend a training session she was not interested in attending; changed her cubicle and parking spot assignments; and did not give her a preferred time slot for a training. Nunez alleges that in January 2014, Lima delayed the processing of a violation-of-parole report that she prepared. She asserts finally that in August 2014 (more than two years after Lima last invited Nunez out), he declined to permit DOCCS to reimburse her for work-related travel expenses.

We agree with the District Court that, on these allegations, Nunez has not sufficiently pleaded a claim of a hostile work environment under the NYSHRL.[1] NYSHRL hostile work environment claims are analyzed under the same standard as are similar claims brought under Title

---

[1] The District Court dismissed Nunez's Title VII hostile work environment claims as time-barred. On appeal, Nunez challenges this ruling only in her reply brief. We therefore treat as waived any argument regarding the timeliness of her Title VII hostile work environment claims. *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005).

VII.   *Summa v. Hofstra Univ.*, 708 F.3d 115, 123–24 (2d Cir. 2013).   To establish a hostile work environment claim, a plaintiff must show, among other things, that "the workplace was permeated with discriminatory intimidation that was sufficiently severe or pervasive to alter the conditions of his or her work environment."   *Petrosino v. Bell Atl.*, 385 F.3d 210, 221 (2d Cir. 2004) (internal quotation marks and brackets omitted).   To determine whether this standard is met, we consider the frequency of the conduct, its severity, whether it is physically threatening or humiliating, and whether the conduct unreasonably interferes with the employee's work performance.   *See Mormol v. Costco Wholesale Corp.*, 364 F.3d 54, 58 (2d Cir. 2004).   A plaintiff must show "not only that she subjectively perceived the environment to be abusive, but also that the environment was objectively hostile and abusive."   *Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir. 2006).

The conduct Nunez alleges is not sufficiently "severe or pervasive" to amount to a hostile work environment under the NYSHRL.   *Petrosino*, 385 F.3d at 221.   Although Lima allegedly continued to invite Lima to plays after she asked him to stop, he ceased asking her out altogether in June 2012, after Nunez again made clear she did not want to socialize with him outside of work. These events alleged do not reach the level of pervasiveness required to plausibly plead the existence of a hostile work environment.   In addition, it does not appear that Lima's behavior "alter[ed] the conditions of [her] employment" by interfering materially with Nunez's work performance, since Nunez does not allege that she received negative evaluations from her supervisors during the relevant period.   *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 149 (2d Cir. 1997) (internal quotation marks omitted).

Nunez's various workplace grievances similarly do not suffice to state a plausible hostile work environment claim.   Nunez has not alleged that these relatively minor acts were "more than

5

episodic" or that they became "pervasive." *Id.* (internal quotation marks omitted). She also does not plausibly plead that the acts were caused by any lingering sex-based animus of Lima's. Nearly all of them took place at least 12, and as long as 24, months after Lima last asked Nunez to go out with him, and no other basis for finding an unlawful causal nexus was alleged. Accordingly, we affirm the District Court's dismissal of Nunez's hostile work environment claim under the NYSHRL.

At oral argument, Nunez forcefully conveyed her sense of the impropriety of Lima's conduct and the anguish she felt as a result of his behavior. Nevertheless, to survive a motion to dismiss, Nunez must allege not only that she subjectively felt that the environment was abusive; she must also plead facts that, if proven, would establish that it was objectively so under state law. Although Lima's behavior as alleged may have been inappropriate for a supervisor, Nunez has not plausibly alleged that her workplace was so permeated with discriminatory ridicule and insult as to alter the conditions of her employment and amount to a hostile work environment under applicable law.[2]

## II.    Retaliation Claim

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127 (2d Cir. 2013) (per curiam). Summary judgment is proper "only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any

---

[2] Judge Newman dissents in part, believing that the supervisor's threat to impose even a slight work-related burden if Nunez refused her supervisor's demand to continue dating after he had told her that he was infatuated with her and after she had told him that she wanted no further dating suffices to permit her state law hostile work environment claim to survive a motion to dismiss her complaint.

6

material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

The District Court correctly granted summary judgment to defendants on Nunez's Title VII and NYSHRL retaliation claims. Whether brought under Title VII or the NYSHRL, retaliation claims are governed by the same standard. *Reed v. A.W. Lawrence & Co. Inc.*, 95 F.3d 1170, 1177 (2d Cir. 1996). A plaintiff must show "(1) participation in a protected activity; (2) that [the employer] knew of [the plaintiff's] participation in that protected activity; (3) that [she] suffered an adverse employment action; and (4) that there exists a causal relationship between the protected activity and the adverse employment action." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010). To establish such an adverse employment action, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse." *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). In the retaliation context, this means the action might well "have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* (internal quotation marks omitted). Thus, Title VII's "antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Id.* at 67. We have ruled that, even if prompted by a retaliatory motive, "trivial harms" or "petty slights or minor annoyances" do not constitute actionable adverse acts. *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 571 (2d Cir. 2011) (internal quotation marks omitted).

Here, Nunez did not present evidence of any discrete actions taken by Lima or DOCCS that were severe enough that they "might well deter a reasonable employee from complaining about discrimination." *Burlington Northern*, 548 U.S. at 69. When Miguel Medina, another supervisor, revoked or "unsubmitted" Nunez's submission of two of Nunez's timesheets, Nunez

7

was able to resubmit them, and Medina then approved them. Thus, such allegedly retaliatory activity was at most a minor annoyance. And although Medina and Lima were also shown to have delayed processing a violation-of-parole report that Nunez filed, Nunez was not disciplined for the delay. Further, Nunez had signed and dated the timely filed report, which meant that she was protected against any penalty. From Nunez's perspective, Lima may have aimed to undermine her professional credibility and tried to create an appearance that Nunez was slow to submit her paperwork. Still, Nunez never received any negative evaluation from her supervisors, and the record suggests that Lima and Medina responded favorably to some of Nunez's complaints about her work conditions.

In these circumstances, we conclude, as did the District Court, that no reasonable worker would be dissuaded by these actions from making a substantial charge of discrimination, and that a reasonable fact-finder could not determine otherwise. *See Rivera v. Rochester Genesee Regional Transp. Auth.*, 743 F.3d 11, 25-26 (2d Cir. 2014) (rejecting retaliation claim in context of collected workplace grievances).

We have considered Nunez's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court